UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


GREAT AMERICAN INSURANCE
COMPANY,

    Plaintiff,

v.

                                        CASE NO.: 8:10-CV-00330-EAK-TGW

RONALD MOYE d/b/a
MOYE FARMS,

    Defendant.
-------------------------------------------------/

## ORDER ON DEFENDANT'S MOTIONS

This cause comes before this Court pursuant to a Motion to Strike filed by Defendant, Ronald Moye (Doc. 23), the Plaintiff's response filed thereto (Doc. 26), the Defendant's Motion to Supplement the Depositions of Ronald Moye, Andrew Macrae, and Donald N. Maynard (Doc. 32), and the Plaintiff's response filed thereto (Doc. 34). A review of the record indicates that, for the following reasons, the Motion to Strike should be **GRANTED IN PART** and **DENIED IN PART**, and that the Motion to Supplement the Depositions of Ronald Moye, Andrew Macrae, and Donald N. Maynard should be **GRANTED IN PART** and **DENIED IN PART**.

### PROCEDURAL BACKGROUND

On April 19, 2010, Great American, Plaintiff, filed a motion for summary judgment (Doc. 18). In support of that motion, Plaintiff filed an affidavit and a series of supporting exhibits (Doc. 18). In response, Defendant, Ronald Moye, filed a Cross-Motion for Summary Judgment (Doc. 24) and a Motion to Strike (Doc. 25). One thing before the Court is the Motion

to Strike.  Defendant moves to strike the Plaintiff's Affidavit, supporting exhibits, and portions of the Motion for Summary Judgment.  Specifically, Defendant objects on the grounds that the exhibits referenced in the affidavit are not admissible because there was not a court reporter at the underlying arbitration hearing and, thus, no official transcript of the proceedings.  Additionally, Defendant objects to the Plaintiff's Affidavit on the grounds that it fails to meet the evidentiary standards set forth by Rule 56 of the Federal Rules of Civil Procedure.  In response, Plaintiff filed a brief in opposition to the Defendant's Motion to Strike (Doc. 26).  Addtionally, Defendant filed a Motion to Supplement the Depositions of Ronald Moye, Andrew Macrae, and Donald N. Maynard (Doc. 32).  In response, Plaintiff filed a brief in opposition to the Defendant's Motion to Supplement the Depositions (Doc. 34).

## STANDARD OF REVIEW

A party may seek to strike redundant, immaterial, impertinent, or scandalous matter from a pleading. Fed. R. Civ. P. 12(f).  Because motions and affidavits are not pleadings, a party may not move to strike matters from motions or affidavits.  Fed. R. Civ. P. 7(a) (defining a "pleading"); Fed. R. Civ. P. 12(f).  However, a procedurally incorrect 12(f) motion may be treated as an objection to evidence contained in the affidavit or motion in question.  *Skylar v. Clough*, 2007 U.S. Dist. 49248 (N.D.Ga 2007).  Long ago, courts gave up technical forms of pleading, see Conley v. Gibson, 355 U.S. 41 (1957), and have excused technical defects to reach the merits.  *Xavier v. Belfor USA Group, Inc*. 2008 US Dist 108743 (E.D. La 2008) (Holding an improperly filed 12(f) motion to strike would be treated as an objection to the evidence in order to reach the merits of the case).

The scope of a court's review of an arbitration record is among the narrowest known to the law.  *AIG Baker Sterling Heights v. Am. Multi Cinema Inc*., 508 F.3d 995, 1001 (11th Cir.

2007).  Absent a record of arbitration proceedings, the appealing party presents the district court with a significant impediment to review of the arbitration award.  *M & L Power services v. Am. Network Int'l*, 44 F. Supp. 2d 134, 143 (D.R.I. 1999).  Specifically, the Court will not speculate as to what evidence was previously presented or as to what constitutes the record of prior proceedings.  See *Wisconsin Barge Line v. Coastal Marine Transport Inc.*, 414 F.2d 872, 876 (5th Cir. 1969).  Therefore, evidence and issues allegedly raised in a prior proceeding, which are not found in the record will not be passed on or considered by the Court on appeal.  See *M & L Power Services*, 44 F. Supp. 2d at 143.

Affidavits submitted in support of a motion for summary judgment are required to be based on personal knowledge, Fed. R. Civ. P. 56(e), and contain evidence that would be admissible at trial.  *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992).

As to the "admissible at trial" requirement of Rule 56(e), the court considers whether the proffered evidence would constitute admissible evidence if presented at trial.  *Hughes v. United States*, 953 F.2d 531 (9th Cir. 1992).  Prerequisites to admissibility are set out in the Federal Rules of Evidence and include relevancy, Fed. R. Evid. 401, authenticity, Fed. R. Evid. 901, and competency, Fed. R. Evid. 601.

The "relevancy" requirement is a liberal one and is satisfied if the evidence has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without that evidence."  Fed. R. Evid. 401; See *Ferrara & Dimercurio v. St. Paul Mercury Ins. Co.*, 240 F.3d 1 (1st Cir. 2001).  Similarly, the burden for "authentication" is slight and is satisfied by evidence sufficient to support a finding that the matter in question is what the proponent claims.  Fed. R. Evid. 901(a).  As to the "competency" requirement, the Federal Rules presume all witnesses are competent to

testify unless they fall into one of the enumerated categories, which include lack of personal knowledge. Fed. R. Evid. 601-602.

In reference to the "personal knowledge" requirement of Rule 56(e), an affidavit is inadmissible if a witness could not have actually perceived or observed that to which they testify. *Argo v. Blue Cross Blue Shield*, 452 F.3d 1193 (10th Cir. 2006).

After a party has offered part of a deposition into evidence, the opposing party "may require the offeror to introduce other portions that in farness should be considered with the part introduced, and any party may itself introduce any other parts." Fed. R. Civ. P. 32(a)(6). This Rule is similar to Rule 106 of the Federal Rules of Evidence, and differences between the two are largely semantic. *Blue Cross & Blue Shield of N.J., Inc. v. Philip Morris, Inc.*, 199 F.R.D. 487, 490 (citing Moore's Federal Practice § 32.61(2)(b)). The rules do not allow filing of the remainder of a document solely because an opponent so demands; the "in fairness" requirement limits opposing parties opportunity to do so. See Fed. R. Civ. P. 32(a)(6); Fed. R. Evid. 106; *United States v. Kopp*, 562 F.3d 141, 144 (2d. Cir. 2009).

## DISCUSSION

Here, the Court recognizes that the Defendant's Motion to Strike is procedurally incorrect. However, the Court will treat such a procedurally incorrect motion as an objection to the evidence contained in Plaintiff's Motion for Summary Judgment and the Affidavit attached therewith. (Doc. 18).

The Defendant has raised multiple objections to the Plaintiff's Motion for Summary Judgment. Specifically, Defendant moves to strike portions of Plaintiff's Motion for Summary Judgment on the following grounds: 1.) The lack of an arbitration transcript precludes the

introduction of material by Great American that would supplement the record. 2.) The Affidavit of Allyson Marshall and Exhibits A through S do not meet the evidentiary standard set by Rule 56 of the Federal Rules of Civil Procedure.

## I. Lack of Arbitration Hearing Transcript

This Court will only consider things that were previously considered by the Arbitrator at the hearing. The limited nature of this Court's judicial review of the arbitration award has a great impact upon what may come before it on appeal. By failing to provide a hearing transcript, the Plaintiff has presented the court with a significant impediment to deciding the issues in this arbitration appeal. See *M & L Power Services*, 44 F. Supp. 2d at 134. Specifically, absent a record of the Arbitrator receiving a given piece of evidence, this Court will not receive that piece of evidence.

The Court rejects, in part, the Defendant's position that the lack of a transcript precludes the introduction of all the Plaintiff's evidence. Plaintiff is correct in distinguishing *Abood v. Block*, 752 F.2d 548 (11th Cir. 1985), in which the Eleventh Circuit dismissed the appeal because the Appellant failed to order a transcript of the District Court's proceedings. There, the Court emphasized that there were no remedial steps taken to supplement the record, such as filing a sworn statement of what the district court received into evidence. See *Abood*, 752 F.2d 549-50. Here, the sworn and certified Allyson Marshall Affidavit relays in part, through first-hand observation, what evidence the Arbitrator received at the hearing. Additionally, the Allyson Marshall Affidavit also references exhibits that are specifically cited by reference to their Bates numbers in the Arbitrator's Findings of Fact, Issues in Dispute, Conclusions of Law and Determination (hereinafter "Arbitrator's Findings of Fact") (Doc. 25-1), which defense concedes is properly before this Court (Doc. 23-1 at 1).

## II. Admissible Exhibits Attached to Allyson Marshall Affidavit

The Court rejects in part the Defendant's objection to the exhibits attached to the Allyson Marshall Affidavit. Although there is not an official hearing transcript, Exhibits A, B, C, D, E, F, N, and O were specifically referenced in the Arbitrator's Findings of Fact. Additionally, the Defendant's objection for lack of authentication is similarly rejected. Ms. Marshall, having familiarity with the business records of Great American, properly authenticated these exhibits by identifying each of them individually. See Fed. R. Evid. 901.

Exhibits L and Q are admissible in part. Specifically, Exhibit L, pages 64-66, 99, 110-11, 133-34; Exhibit Q, pages 28–30, 37–39, 46–47, 79–80, 85–89, 117–18. The Affidavit of Allyson Marshall cites to these excerpts of the Exhibits and states that they were offered into evidence at the Arbitration hearing. Other excerpts of these Exhibits are cited elsewhere in the Affidavit, however, there is no mention of them being offered into evidence at the hearing. Absent proof that these additional excerpts were offered into evidence at the hearing, this court will not speculate as to whether they were. *Wisconsin Barge Line*, 414 F.2d at 876. Therefore, those excerpts not proven to be offered into evidence at the hearing are to be stricken.

Exhibit R is also admissible. Ms. Marshall states in her sworn and certified affidavit that this exhibit was offered into evidence at the hearing. Ms. Marshall was a first-hand observer of the entire hearing and is competent to testify as to what was offered into evidence at the hearing. The following Exhibits attached to the Allyson Marshall Affidavit are **admissible**:

> Exhibit A, referenced in the Arbitrator's Findings of Fact at ¶ 5
> Exhibit B, referenced in the Arbitrator's Findings of Fact at ¶ 6
> Exhibit C, referenced in the Arbitrator's Findings of Fact at ¶ 10
> Exhibit D, referenced in the Arbitrator's Findings of Fact at ¶ 3
> Exhibit E, referenced in the Arbitrator's Findings of Fact at ¶ 12
> Exhibit F, referenced in the Arbitrator's Findings of Fact at ¶ 17

Exhibit N, referenced in the Arbitrator's Findings of Fact at ¶ 33
Exhibit O, referenced in the Arbitrator's Findings of Fact at ¶ 9(e)
Exhibit L, specifically pages 64–66, 99, 110–11, 133–34
Exhibit Q, specifically pages 28–30, 37–39, 46–47, 79–80, 85–89, 117–18
Exhibit R, testified as being offered into evidence at the hearing

**III. Admissible Paragraphs of Allyson Marshall Affidavit**

This Court rejects in part the Defendant's objection to paragraphs of the Allyson Marshall Affidavit. The defendant is correct in objecting to some paragraphs of the affidavit on the basis of a lack of competency and personal knowledge, however, ¶¶ 1–8, 13–15, 17–24, 30–36, 42, 45, 48, 51, 52, 54, 55, 56, 60, 65–68, 70, 72–74, 76–80 fall outside the scope of these objections and are admissible.

Specifically, paragraphs 5, 7, 8, 13, 17, 18, 20, 21, 22, 24, 42, 45, 52, 65, and 68 all describe and refer only to exhibits this Court has determined to be admissible. Paragraphs 1, 2, 3, 4, 6, 14, 76–78, and 80 consist of relevant, material, and competent testimony about Ms. Marshall herself and the procedural background of the arbitration hearing. Paragraphs 1, 2, 3, 4, 6, 14, 76–78, and 80 do not attempt to put forward any evidence allegedly given at the hearing.

Additionally, paragraphs 15, 19, 23, 30, 31, 32–36, 48, 51, 54, 55, 56, 60, 66, 67, 70, 72–74, and 79 are statements of what witnesses at the arbitration hearing stated. Defendant objects to their use as "ripe hearsay," however, Plaintiff is correct that these statements fall outside the scope of Rule 801 of the Federal Rules of Evidence. These statements, although proffered by a party other than the declarant, are not being offered for the purposes of establishing the truth of their content. Allyson Marshall is simply recollecting what she heard at the arbitration hearing, which she witnessed first-hand. These paragraphs are not hearsay and are admissible. See *Coker*, 962 F.Supp at 146. The following Paragraphs of the Allyson Marshall Affidavit are **admissible**:

¶¶ 1–8, 13–15, 17–24, 30–36, 42, 45, 48, 51, 52, 54, 55, 56, 60, 65–68, 70, 72–74, 76–80

**IV. Inadmissible Exhibits**

The Court agrees with the Defendant's objections to Exhibits G, H, I, J, K, M, P, and S. This Court will not speculate as to what was or was not presented to the Arbitrator in prior proceedings, and, therefore, the absence of the arbitration hearing transcript prevents the admission of these exhibits. See *Wisconsin Barge Line*, 414 F.2d at 876; *M & L Power Services*, 44 F. Supp. 2d at 143. Unlike the admissible exhibits, the Court found no reference to these exhibits in the Arbitrator's Findings of Fact. Additionally, the sworn testimony of Allyson Marshall did not state that these exhibits were offered into evidence at the hearing. Although these exhibits may be part of Great American's claim file, this court will not consider them absent proof that they were given at the hearing. The following Exhibits are **inadmissible** in whole or in part as described above:

Exhibits G, H, I, J, K, M, P, S

**IV. Inadmissible Paragraphs of Allyson Marshall Affidavit**

The Court also agrees with Defendant's objections to paragraphs 9, 10, 11, 12, 16, 25, 26, 27, 28, 29, 37, 38, 39, 40, 41, 43, 44, 46, 47, 49, 50, 53, 57–59, 61, 62, 63, 64, 69, 71, and 75. These paragraphs fail to meet the evidentiary standard of Rule 56(e) of the Federal Rules of Civil Procedure, which requires affidavits to contain admissible evidence and be based on personal knowledge. Fed. R. Civ. P. 56(e). Paragraphs 9–12, 16, 38, 43, 44, 46, 47, 49, 53, 57-58, 61, 64, and 71 are inadmissible because there is no way to know whether these statements and information were considered by the Arbitrator. These paragraphs neither describe Exhibits given at the hearing nor recollect hearing testimony. Paragraphs 26, 27, 28, 29, 37, 39, 40, 41, 50, 69, and 75 are inadmissible because they reference Exhibits that this court has found to be

inadmissible. Additionally, the following paragraphs are inadmissible in part: ¶ 25, reference to Exhibit G; ¶ 59 reference to Exhibit P; ¶ 62 reference to Exhibit P; ¶ 63 reference to Exhibit P. The portions other than those citing inadmissible Exhibits should not be stricken.

The following paragraphs are **inadmissible** in whole or in part as described above:

¶¶ 9, 10, 11, 12, 16, 25, 26, 27, 28, 29, 37, 38, 39, 40, 41, 43, 44, 46, 47, 49, 50, 53,

¶¶ 57–59, 61, 62, 63, 64, 69, 71, 75

## V. Stricken Portions of Plaintiff's Motion for Summary Judgment

This Court strikes portions of the Plaintiff's Motion for Summary Judgment as identified above. To the extent that they reference inadmissible material, the footnotes identified below and the main text of the Motion to which those footnotes correspond are also stricken. The following footnotes reference inadmissible exhibits and should be **stricken**:

Page 6: Footnotes 24, 26
Page 8: Footnotes 30, 32, 33
Page 13: Footnote 48 (Referencing Exhibit L)
Page 15: Footnotes 57, 60
Page 16: Footnotes 61, 62, 63
Page 17: Footnote 68
Page 18: Footnotes 72, 74

## VI. Supplemented Depositions

The Defendant's supplemented depositions of Andrew Macrae and Donald N. Maynard are permissible under Rule 32(a)(6). Plaintiff objects to their filing because the Defendant did not state how filing of additional excerpts satisfied the "in fairness" requirement of Rule 32(a)(6). Contrary to Plaintiff's assertion that Defendant failed to give any reason for the supplements, the Defendant's motion to supplement pointed directly to reasons why this Court should admit these supplements. (See Doc. 32). Moreover, the Court has read the Defendant's motion and the attached depositions and determined that they do satisfy the "in fairness"

requirement. Specifically, these depositions directly address the subjects of Methylbromide, farming preparation techniques, the Vydate L label, and crop damage due to excessive rain. These were all points of contention in the Plaintiff's previous motions and pleadings.

The Plaintiff has admitted that there are no objections to the filing of the depositions in full. (Doc. 34 at 2). There being no other objections, the supplemented depositions of Andrew Macrae and Donald N. Maynard are admitted. The Court rejects the submission of the Deposition of Ronald Moye because the Court has already struck his Deposition.

The Plaintiff failed to secure a record of the arbitration hearing with which this Court could determine what was presented to the Arbitrator. This Court has used the limited record before it to determine the admissibility of portions of the Plaintiffs Motion, Affidavit, and Exhibits. The lack of a transcript requires the striking of some of the evidence, however, there are admissible pieces of evidence that meet the evidentiary standards of Rule 56(e) and the Federal Rules of Evidence. Accordingly, it is

**ORDERED** that Defendant's Motion to Strike is **GRANTED IN PART** and **DENIED IN PART** as set out above.

**ORDERED** that Defendant's Motion to Supplement the Depositions of Ronald Moye, Andrew Macrae and Donald N. Maynard is **GRANTED IN PART** and **DENIED IN PART** as set out above.

**DONE and ORDERED** in Chambers, in Tampa, Florida this 19th day of July 2010.



Cc: All Parties and Counsel of Record