UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GREAT AMERICAN INSURANCE
COMPANY,

    Plaintiff,

v.                                        CASE NO.: 8:10-CV-00330-EAK-TGW

RONALD MOYE d/b/a
MOYE FARMS,

    Defendant.
_____/

## ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT

This cause came before this Court pursuant to both parties' motions for summary judgment. (Doc. 18 & 24). A review of the record indicates that, for the following reasons, the Plaintiff's motion for summary judgment should be **DENIED**, and the Defendant's motion for summary judgment should be **GRANTED**.

### FACTUAL AND PROCEDURAL BACKGROUND

The facts of the case are as follows. Great American, Plaintiff, is an Ohio Corporation engaged in the business of issuing federally reinsured crop insurance policies. Plaintiff issued the subject Multi-Peril Crop Insurance (MPCI) Policy to the Defendant, Ronald Moye, a resident of Hardee Florida. The Federal Crop Insurance Corporation (FCIC), an entity created by Congress as part of the Federal Crop Insurance Act (see 7 U.S.C. § 1501), sets forth the MPCI policy terms. These terms are codified at 7 C.F.R. § 457. After the policy took effect, the Defendant suffered a loss to his tomato crop and filed a claim with the Plaintiff. In the claim, the

Defendant maintained that his loss was due to excessive moisture. The Plaintiff investigated the claim and denied indemnity because it believed that the Defendant's loss was due to disease, which was not a "covered peril" under the policy.

After being denied indemnity, the Defendant demanded arbitration, in accordance with MPCI Basic Provisions ¶ 20, to resolve disputes related to the Plaintiff's determinations about the claim. The parties employed F. Steven Herb to arbitrate the dispute, and the hearing was held November 17–19, 2009. The parties did not hire a court reporter to produce a transcript of the arbitration hearing, a fact that has provided an impediment for the Court and the parties throughout the disposition of this case. The Arbitrator found that the Defendant planted tomatoes on fifty acres of his land that previously held pepper and watermelon crops. He prepared the soil by mowing the remaining plants and vines, applying the herbicides "Round Up" and Paraquat. The Arbitrator found that this was "an acceptable, good farming practice" (Doc. 1-1 at 4). The Defendant then covered the soil with black plastic mulch to concentrate the summer heat into the soil, which the Arbitrator also found was "an acceptable good farming practice." (Doc. 1-1 at 4). The Defendant followed this with a post-planting application of "Vydate L", an insecticide/nomaticide. Further, the Arbitrator found that a tropical depression brought heavy rain to the Defendant's farm.

The Defendant subsequently filed a notice of probable loss due to excessive moisture. The claim was denied. After hearing evidence from the parties, the Arbitrator found for the Defendant and awarded him indemnity in the amount of $117,670.67. The Arbitrator issued his "Findings of Fact, Issues in Dispute, Conclusions of Law" (Doc. 1-1) (hereinafter "Arbitrator's Findings of Fact") which included the following determinations: 1) excessive moisture was the cause of Defendant's loss; 2) the Plaintiff's alternative cause was not supported by the evidence;

3) the Defendant's treatment of the soil was proper treatment; and 4) the Defendant was not required to re-plant his tomatoes.

Thereafter, the Plaintiff commenced this action by filing a complaint (Doc. 1) seeking declaratory relief, nullification of the award, and vacation of the award. The Defendant answered denying many of the Plaintiff's allegations and counterclaimed seeking confirmation of the arbitration award. (Doc. 10). Thereafter, Plaintiff responded to the counterclaim (Doc. 14); the parties filed cross motions for summary judgment (Docs. 18 & 24).

## STANDARD OF REVIEW

If the pleadings, discovery materials, and affidavits show there is no genuine issue as to any material fact, the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the burden of showing there is not genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party may discharge the burden by showing that the opposing party is missing an essential element of their case. *Id.* at 331. The evidence must be considered in a light most favorable to the nonmovant. Once an absence of genuine issues of fact has been shown, the nonmovant must show that there is an actual issue of fact not merely a scintilla of evidence supporting the nonmovant's position. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). A genuine issue for trial exists only if there is sufficient evidence to allow a jury to return a verdict for the nonmoving party. *Id.* at 249. When a nonmoving party cannot make an adequate showing on a necessary element of the case on which that party bears the burden of proof, the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 322.

Judicial review of arbitration awards is extremely limited. *See AIG Baker Sterling Heights, LLC v. Am. Multi-Cinema, Inc.*, 579 F.3d 1268, 1271 (11th Cir. 2009). District Courts hearing Arbitration appeals will not re-examine the merits or factual determinations of the underlying arbitration award. *See Faimon v. Farmers Crop Insurance Alliance*, 2006 WL 463856, 2 (D.Neb. 2006); *Farmers Crop Insurance Alliance v. Laux*, 422 F.Supp.2d 898, 902 (S.D.Ohio 2006). Great deference must be given to the Arbitrator's decision. *Borden v. Hammers*, 941 F.Supp. 1170, 1173 (M.D.Fla. 1996). "[A]s long as the arbitrator *is even arguably construing or applying the contract and acting within the scope of his authority*, that a court is convinced he committed serious error does not suffice to overturn his decision." *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987) (emphasis added).

The Federal Arbitration Act limits the scope of judicial review of arbitration decisions. See 9 U.S.C. §§ 9–11. Although deference is given to an Arbitrator's decision, an Arbitrator's power is not unlimited, and in certain circumstances, a decision may be vacated or modified. See 9 U.S.C. §§ 10–11. A Federal Court may not vacate an arbitration award under 9 U.S.C. § 10 "merely because it is convinced that the arbitration panel made the wrong call on the law." *Tucker v. Am. Bldg. Maint.*, 451 F. Supp. 2d 591 (S.D.NY. 2006) (quoting *Wallace v. Buttar*, 378 F.3d 182, 190 (2d. Cir. 2004). A court's disagreement with the merits does not justify vacation of the award. *Banco de Seguros del Estado v. Mut. Marine Office*, Inc., 344 F.3d 255, 260 (2d. Cir. 2003).

The exclusive grounds for review and vacation of an arbitration award under the Federal Arbitration Act are found at 9 U.S.C. § 10(a), which states that a court may vacate an award,

(1) where the award was procured by corruption, fraud, or undue means;
(2) where there was evident partiality or corruption in the arbitrators, or either of them;

> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

*See also, Hall Street Associates v. Mattel*, 522 U.S. 576 (2008) (holding that 9 U.S.C. lists the exclusive grounds for judicial vacation of arbitration awards under the FAA).

As to the "exceeded their powers" provision of 9 U.S.C. § 10, "An arbitrator does not exceed his authority every time he makes an interpretive error." *Mich. Family Resources, Inc. v. SEIU Local 517M*, 475 F.3d 746, 752 (6th Cir. 2007). If the award draws from the essence of the agreement, and is not merely the application of the arbitrator's own brand of justice, an arbitrator has not exceeded his powers. *United Steel Workers of Am. v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597 (1960). An arbitrator's award fails to draw its essence from the agreement when:

> "(1) it conflicts with express terms of the agreement; (2) it imposes additional requirements not expressly provided for in the agreement; (3) it is not rationally supported by or derived from the agreement; or (4) it is based on 'general considerations' of fairness and equity" instead of the exact terms of the agreement."

*Beacon Journal Publishing v. Akron Newspaper Guild*, Local No. 7, 114 F.3d 596, 599 (6th Cir. 1997) (quoting *Davis & Mavis Forwarding Co. v. Local Union No. 89*, 972 F.2d 129, 134 (6th Cir. 1992) (citations omitted)). The Court's inquiry focuses on whether the Arbitrator had the power, based upon the agreement, to render a given decision. *Banco de Seguros del Estado v. Mutual Marine Office, Inc.*, 344 F.3d 255, 262 (2d. Cir. 2003).

DISCUSSION

## I. Applicability of the Federal Arbitration Act

As a preliminary matter, because there was some discussion of the applicability of the Federal Arbitration Act (FAA) to this dispute, the Court must discuss its applicability in this case. The FAA applies to contracts affecting interstate commerce. *See* 9 U.S.C. § 2. Crop insurance contracts fall within this category and are subject to the FAA. *See Nobles v. Rural Community Ins. Servs.*, 122 F. Supp. 2d 1290 (2004) (finding the FAA applicable to FCIC insurance contracts); *In re 2000 Sugar Beet Crop Ins. Litig.*, 228 F. Supp. 2d 992, 995 (2002). Therefore, the FAA is applicable in this case, and this Court will review the disputed award in accordance with the FAA.

## II. Binding Arbitration

MPCI ¶ 20 provides for binding arbitration of disputes. Plaintiff has argued that the term "judicial review," contained in the policy terms, somehow abrogates the binding nature of the arbitration to which the parties submitted. In *Svancara v. Rain and Hail*, 2009 WL1652220 (D.Neb. 2009), the Plaintiff farmer was seeking judicial review of an arbitration award under the terms of a crop insurance contract identical to the instant contract. *Id* at 1. There, the Plaintiff lost in arbitration and appealed the award. The Plaintiff argued that the reference to "judicial review" in ¶ 20 of the insurance contract permitted the Court to consider the arbitration award non-binding. *Id* at 2. The *Svancara* court rejected this argument and found the language of the policy to be clear and controlling, and that review of the award was only permissible under 9 U.S.C. § 10. *See Svancara v. Rain and Hail*, 2009 WL 2982906 (2009) (illustrating why the FAA and not Alabama state law applied to judicial review of the arbitration award)

In the instant case, the language of ¶ 20 is clear and makes the arbitration binding. The Plaintiff was permitted to seek judicial review of the award. Because the FAA is applicable to this dispute, the Plaintiff is not entitled to *de novo* review of the arbitration award, and must seek relief under the FAA, subject to the limited judicial review that the FAA prescribes. *See AIG Baker Sterling Heights, LLC*, 579 F.3d at 1271. Moreover, a more exacting judicial review would likely be impossible in this case, given the failure of the parties to procure a court reporter's transcript of the arbitration hearing.

## III. Plaintiff's Motion for Summary Judgment

### A. Reconsideration of the Merits and Factual Determinations

This Court will not sit as the arbitrator to re-evaluate the merits or make factual determinations. Arbitration, as an alternative to expensive litigation, should be given deference by this Court. *Misco*, 484 U.S. 29, 38. Plaintiff has appealed the arbitration award, which is permissible under the agreement, but has put forth many arguments that would require this Court to reconsider the underlying merits of this arbitration. To the extent that the Plaintiff requests this Court to reconsider the merits it will not do so. The narrow review permitted by the FAA requires this result. *Faimon*, 2006 WL 463856, 2. Moreover, this Court will not overturn the Arbitrator's decision because a party disagrees with his conclusions, even if the Arbitrator's conclusions are "silly," or if he made "serious" or "improvident" errors. *Michigan Family Res.*, 475 F.3d 746, 753 (6th Cir. 2007).

Plaintiff makes three arguments directly addressing factual determinations by the arbitrator. First, Plaintiff asserts that there is no genuine issue of material fact as to the un-insurability of Defendant's land. In Section III, "subsection a" of Plaintiff's summary judgment

motion (Doc. 18), Plaintiff argues that the Arbitrator's conclusion that the land was insurable was "clearly erroneous" and contrary to the evidence produced at the hearing. (Doc. 18 at 10–14). Plaintiff cites the depositions tendered at the hearing, which contain the testimony of various "agricultural experts" who agree with the Plaintiff's view that the land was uninsurable. However enlightening, this objection does not fall within the narrowly defined category of arguments this Court will entertain on appeal of an arbitration award. This is an objection to the factual determinations of the arbitrator and this Court will not sit as the arbitrator and re-evaluate the underlying merits of the arbitration. As a matter of law, this Court cannot sustain these objections to the Arbitrator's award.

Additionally, in Section III, "subsection b," Plaintiff asserts that there are no genuine issues of material fact as to whether the Defendant's loss was the direct result of a covered peril. (Doc. 18 at 3). Specifically, the Plaintiff argues that the arbitrator "wrongly concluded" that a covered peril caused the crop damage, and that the Defendant cannot prove that a covered peril was the cause of loss (Doc. 18 at 14–17). This question was answered by the arbitrator and resolved against the Plaintiff at ¶ 27 of the Arbitrator's Findings of Fact (Doc. 1-1). Although Plaintiff might not agree with the Arbitrator's conclusion that a covered peril caused the damage, this is not an argument that would allow this Court to overturn the arbitration award. As a matter of law, this Court cannot sustain these objections to the Arbitrator's award.

Further, in Section III, "subsection c," Plaintiff takes issue with the Arbitrator's conclusion that this was a claim for indemnity rather than a claim for replanting payment. Plaintiff suggests that the Defendant should have replanted his tomatoes. The Arbitrator, at ¶¶ 32–33 of the Arbitrator's Findings of Fact (Doc. 1-1), found that this argument was not supported by the evidence, and concluded that this was a proper indemnity claim. Again,

although the Plaintiff may not agree with this conclusion, mere disagreement supported by objective evidence does not allow this Court to overturn the Arbitrator's decision. As a matter of law, this Court cannot sustain these objections to the Arbitrator's award.

## B. Nullification of Arbitration Award

Aside from the previous arguments, Plaintiff asserts that there is no genuine issue of material fact as to the Arbitrator's misinterpretation and misapplication of the policy terms. Plaintiff argues that this misinterpretation and misapplication necessitates nullification of the Arbitration award in accordance with MPCI Basic Provisions ¶ 20(a)(1) (Doc. 1-2). This paragraph states, in pertinent part,

> "[I]f a claim in any way involves a policy or procedure interpretation regarding whether a policy provision or procedure is applicable to the situation, how it is applicable, or the meaning of any policy or procedure . . . you must get interpretation from FCIC . . . (ii) failure to obtain any required interpretation from FCIC will result in the nullification of any agreement or award." *Id.*

The Plaintiff's papers seem to conflate certain issues relevant to this discussion. The Court has identified both an argument that the misapplication and misinterpretation requires nullification, and an argument that the arbitrator's failure to obtain an interpretation of the terms from FCIC requires nullification. The Court addresses both arguments in turn.

### i. "Misapplication" and "Misinterpretation" of Terms

The Fresh Market Tomato (Dollar Plan) (Doc. 1-3) contains various provisions, one of which defines "insurable acreage." Specifically, ¶ 9(b)(3) states, "we will not insure any acreage on which tomatoes . . . have been grown and the soil was not fumigated *or otherwise properly*

*treated before planting tomatoes."* (Doc. 1-3 Emphasis added). Plaintiff asserts that when the Arbitrator concluded that Defendant properly treated the soil, he "misapplied" various policy provisions and violated the MPCI Basic Provisions ¶ 20(a)(1). According to the Plaintiff, this misapplication requires nullification of the award.

Plaintiff's argument is, in a sense, a continued objection to the factual determinations of the Arbitrator. Arguing that the Arbitrator "misinterpreted" or "misapplied" the Fresh Market Tomato (Dollar Plan) ¶ 9(b)(3) is wholly different than the argument that the Arbitrator was prohibited from interpreting ¶ 9(b)(3), which the Court does address below. The former is what the Plaintiff has argued in its papers. Specifically, Plaintiff asserts that the Arbitrator "made his own slightly nonsensical determination of what constituted proper pre-planting soil treatment." (Doc. 18 at 20–21). Plaintiff goes on to argue that the Arbitrator's consideration of the Defendant's post-planting practices to determine whether the acreage was "properly treated" was "illogical and inappropriate." (Doc. 18 at 22). However, the nullification term in MPCI Basic Provision ¶ 20(a)(1) does not apply to an Arbitrator's misinterpretations, misapplications, or illogical conclusions in a given dispute. The term comes into effect when an Arbitrator *interprets* a policy or procedural term, not when an Arbitrator makes a finding of fact that is "illogical" or "inappropriate." Plaintiff's arguments contest the factual determinations of the Arbitrator to which nullification does not apply. This Court reiterates the policy that it must overlook "silly" conclusions and erroneous interpretations made by the arbitrator. Therefore, even if convinced that the Defendant failed to use proper pre-planting treatment, this Court could not vacate the award. *Mich. Family Res., Inc.*, 475 F.3d at 752. As a matter of law, this objection to the Arbitrator's award is overruled.

*ii. Failure to Obtain Interpretation from FCIC*

The lack of focused argument in the Plaintiff's papers compels this Court to address what it perceives as the Plaintiff's alternative argument. Specifically, whether the Arbitrator, by concluding that the Defendant did in fact "properly treat" his soil, violated the MPCI Basic Provision ¶ 20(a)(1) thereby nullifying the award. However, the first question is whether ¶ 20(a)(1) is applicable at all in this dispute. It is this Court's opinion that the Arbitrator's determination that the acreage was "otherwise properly treated" was not a policy or procedure interpretation falling within the nullification provision of MPCI Basic Provisions ¶ 20(a)(1).

According to ¶ 20(a)(1), the parties must get an interpretation from FCIC when a dispute involves one of the following: 1) whether a policy or procedure is applicable; 2) how a policy or procedure is applicable; or 3) the meaning of a policy or procedure. It is apparent that the first two situations are not present in the instant case. Both parties understood that ¶ 9(b)(3) was applicable and permitted other treatment than fumigation because of the various differences in geographical region. (See Doc. 18 at 20). Secondly, there was not a question of how "otherwise properly treated" fit into the dispute; if it was not properly treated, then there was to be no indemnity.

The third provision of 20(a)(1), applicable when a dispute involves the meaning of a policy or procedure, cannot be dismissed as easily. Logically, the instant dispute involved the meaning of "properly treated." For example, in order to decide *if* the land was properly treated, a person must first know or decide what it *means* to be properly treated. Although on the surface, the logic behind the resolution of this dispute involved some degree of interpretation, this Court believes the Arbitrator made a factual determination, not a procedural interpretation in coming to his conclusion.

The Arbitrator was correct when stating this dispute did not involve policy interpretation, because it was clear as to what "properly treated" meant. Commentary concerning ¶ 9(b)(3) in the Federal Register supports the conclusion that "properly treated" meant having treatment designed to protect against nematodes.[1] The Plaintiff agrees that the term "or otherwise properly treated" is included in the policy to acknowledge the fact that the required method of treatment may differ based on geographic region (Doc. 18 at 20). With the meaning already defined what is left for an arbitrator is to determine whether the facts of a given dispute show that the land was either fumigated "or otherwise properly treated." Here, the Arbitrator made a factual determination, as indicated in his "Finding's of Fact," that the Defendant "properly treated" his soil. (Doc. 1-1 at 7–8). Therefore, this Court will not nullify the Arbitration award pursuant to ¶ 20(a)(1).

Additionally, if nullification were appropriate in this dispute, the policy terms of ¶ 9(b)(3) would be nonsensical. The plain language of the requirement that the land be "fumigated or otherwise properly treated," would have to be interpreted as requiring that the land be "fumigated or treated in a manner approved by the FCIC." This not only seems inefficient and contrary to the parties' intentions, but it would wholly strip arbitrations of any importance when they concern a factual dispute over soil preparation.

## C. Vacation Under 10(a)(4)

Plaintiff asserts that there is no genuine issue of material fact as to the Arbitrator's misinterpretation and misapplication of the policy terms. Plaintiff argues that this misinterpretation and misapplication necessitates vacation of the arbitration award under 9

---

[1] See 62 FR 14775, 14776. "[C]rops previously planted on the same acreage may host nematodes that will damage the insured crop. Chemicals that are used to fumigate or treat the acreage last only two to three months. As a result, any acreage previously planted to tomatoes, peppers, eggplants and tobacco must be fumigated or treated prior to planting the insured crop"

U.S.C. § 10. Plaintiffs allege that the Arbitrator's award must be vacated because he displayed manifest disregard to the law and exceeded the scope of his authority.

*i. Manifest Disregard*

Although the scope of judicial review of arbitration awards was always very narrow, the Eleventh Circuit formerly recognized a judicially created ground for vacation in FAA cases. This was the "manifest disregard" ground for vacation. *See e.g., Montes v. Shearson Lehman Bros.*, 128 F.3d 1456 (11th Cir. 1997). However, in *Hall Street Associates v. Mattel*, 522 U.S. 576 (2008), the Supreme Court made clear that 9 U.S.C. § 9 required confirmation of an award *unless* there were grounds for vacation or modification under §§ 10–11. With this decision, the Court rejected the non-statutory grounds recognized in various circuits.

In response, some circuits have meshed the "manifest disregard" ground for vacation into the § 10(a)(4) "exceeded their scope" provision. *See Comedy Club Inc. v. Improv West Associates*, 553 F.3d 1277 (9th Cir. 2009). The Eleventh Circuit, however, has rejected this approach and regards the statutory bases as exclusive. *See Frazier v. Citifinancial*, 604 F.3d 1313 (11th Cir. 2010). Therefore, there is no legal basis for this Court to vacate the arbitrator's award for "manifest disregard of the law."

*ii. Exceeded Scope of Authority*

Plaintiff does seek vacation of the arbitration award on statutory grounds. Specifically, Plaintiff contends that the award should be vacated pursuant to 9 U.S.C. § 10(a)(4) because the Arbitrator exceeded the scope of his authority when he misinterpreted and misapplied terms of the contract.

The Arbitrator's determination that the Defendant's land was "otherwise properly treated" does not require vacation under 9 U.S.C. § 10(a)(4). Plaintiff asserts that there is no

genuine issue of material fact as to the Arbitrator's misapplication of the policy terms. Misapplication or misinterpretation of the contract terms is not sufficient for vacation under § 10(a)(4). *Mich. Family Resources, Inc.*, 475 F.3d at 752. Although the Arbitrator's consideration of post-planting practices may have been illogical and inappropriate, making these interpretive errors does not exceed the Arbitrator's authority.

The Arbitrator did not exceed his powers by concluding that the Defendant had sufficiently proven that his loss was the result of a covered peril. Plaintiff asserts that the Arbitrator misapplied and misinterpreted the contract terms and erroneously placed the burden on the Plaintiff to show that the loss was not the result of a covered peril. (Doc. 18 at 22–23).

MPCI Basic Provisions ¶ 14(a) (Doc. 1-2) states that before receiving indemnity, the Defendant must comply with all the policy provisions. Included in the provisions is ¶ 14(e), which required that the Defendant prove his loss was the direct result of a covered peril. As evidence of the Arbitrator's misapplication of the terms, the Plaintiff points to ¶ 28 of the Arbitrator's Findings of Fact, where he states "[Great American]'s alternative theory of causation, disease, was not supported by the preponderance of the evidence." The Plaintiff asserts that this shows the Arbitrator shifted the burden and led to his erroneous conclusion that the Defendant was entitled to indemnity. This Court does not agree that such a mistake occurred, or that it would require vacation under § 10(a)(4). Even if the Arbitrator misinterpreted the terms of the contract, the award still draws its essence from the agreement. The Arbitrator's Findings of Fact, at ¶ 29, state that the Defendant satisfied the terms of the contract because excess rain *caused* the Defendant's loss. By stating that the Plaintiff failed to prove an alternative cause of loss, the Arbitrator did not negate his conclusion that excess rain was the

cause of the Defendant's loss. The terms of the contract required the Defendant to prove his loss was the direct result of a covered peril, and the Arbitrator agreed with the Defendant.

The Plaintiff concedes that the Defendant "needed to prove that the covered peril was the actual, unavoidable cause of loss, and not merely 51% of the cause. (Doc. 18 at 23). Nowhere in the Arbitrator's Findings of Fact does the Arbitrator suggest that the actual and direct cause of the loss was anything except excessive rain. The agreement required proof that a covered peril was the actual cause, and that is what the Arbitrator determined at ¶ 29 of his Findings of Fact. This determination did not conflict with the express terms of the agreement, it did not impose additional requirements not expressly provided for in the agreement, and it was rationally supported by or derived from the agreement. *Beacon Journal Publishing*, 114 F.3d at 599. Therefore, the Arbitrator's determination and award draws from the essence of the agreement and should not be vacated under 9 U.S.C. § 10(a)(4).

The Arbitrator did not exceed his authority by concluding that the Defendant was not required to replant his crops in accordance with Fresh Market Tomato (Dollar Plan) ¶ 9(b)(1) (Doc. 1-3). Plaintiff asserts that the Arbitrator "misinterpreted the policy by reading in additional conditions to ¶ 9(b)(1) and then waiving the policy's replant requirement." (Doc. 18 at 24). Again, because an Arbitrator's "silly" and "improvident" conclusions or interpretations are not alone sufficient, this Court cannot vacate the award on this ground. *Michigan Family Res.*, 475 F.3d at 753. The Court rejects the Plaintiff's argument as a matter of law.

### D. Conclusion

For the above stated reasons, the Court finds that while there are no genuine issues of material fact the Plaintiff's Motion for Summary Judgment must be denied as a matter of law.

## IV. Defendant's Cross Motion for Summary Judgment

### A. Judgment as a Matter of Law

In response to the Plaintiff's motion for summary judgment, the Defendant filed a cross motion for summary judgment. Defendant asserts that there are no other documents properly before the court other than the Arbitrator's Findings of Fact, and further, that they are entitled to judgment as a matter of law.

The court has previously determined what is properly before this Court (see Doc. 35 "Order on Defendant's Motions"). However, the Court agrees that the Defendant is entitled to judgment as a matter of law because the Arbitrator's award does not in any way violate the provisions of 9 U.S.C. § 10.

### B. Conclusion

For the above stated reasons, the Court finds no genuine issues of material fact and grants the Defendant's Motion for Summary Judgment as a matter of law.

## V. Confirmation of the Award

Under the FAA, there is a strong presumption favoring the confirmation of arbitration awards. *Riccard v. Prudential Ins. Co. of Am.*, 307 F.3d 1277, 1288-89 (11th Cir. 2002). Therefore, the District Court's grant of confirmation is usually routine or summary. *Id.* As discussed above, there are no legally sufficient grounds for vacation of the award under the FAA. Because there are no grounds for vacation under 9 U.S.C. § 10, the award is confirmed.

## CONCLUSION

This Court will not re-evaluate the merits or the Arbitrator's factual findings. The parties agreed to a binding arbitration subject to judicial review under the Federal Arbitration Act. This Court gives great deference to the Arbitrator's findings. Plaintiff disagrees with the Arbitrator's conclusions and asserts that he misinterpreted and misapplied the terms of the agreement. However, disagreement over interpretation, application, and conclusions are not sufficient to vacate an Arbitration award under the FAA and nullification is not appropriate. Plaintiff also asserts that the Arbitrator exceeded the scope of his authority when he misinterpreted and misapplied terms of the agreement. The award, however, draws from the essence of the agreement and should be confirmed. Accordingly, it is

**ORDERED** that Plaintiff's Motion for Summary Judgment is **DENIED**

**ORDERED** that Defendant's Cross Motion for Summary Judgment is **GRANTED**

**ORDERED** that Defendant's Motion to Confirm the Arbitration Award is **GRANTED**.

**DONE and ORDERED** in Chambers, in Tampa, Florida this 29th day of July 2010.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Cc: All Parties and Counsel of Record